```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ARTHUR PENNEFATHER,

                Plaintiff,

       -against-                      08 Civ. 0098 (DAB)
                                      MEMORANDUM & ORDER

NEW YORK STATE UNIFIED COURT SYSTEM,

                Defendant.
------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2008

DEBORAH A. BATTS, United States District Judge.

Plaintiff Arthur Pennefather commenced this action pro se against Defendant New York State Unified Court System, alleging that Defendant terminated his employment and subjected him to discriminatory employment actions in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-17. 1Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that Eleventh Amendment immunity bars the instant suit against it. Plaintiff opposes motion and requests the appointment of counsel.[1] For the reasons that follow, Plaintiff's applications are DENIED and Defendant's Motion to Dismiss the Complaint is GRANTED.

---

[1]   Plaintiff has also filed a Motion for Default Judgment against Defendant, even though it is apparent from the instant Motion to Dismiss that Defendant intends to litigate actively this action.

BACKGROUND

Defendant employed Plaintiff as a Court Officer until December 4, 2007 when Plaintiff's position was terminated. (Def.'s Mem. Law at 1.)  Plaintiff alleges that lesions appeared on his face on or about February 2, 2006 and that he subsequently "started getting subjective treatment/harassment from the Manhattan Operations Office." (Compl. at 3.) Plaintiff was transferred to a post in Brooklyn and was diagnosed with Hepatitis C shortly thereafter.  Plaintiff alleges that, following his diagnosis, "the harassment intensified" resulting in a second transfer and ultimately in termination charges.  (Compl. at Attachment 1.)  He alleges that he was placed on probation and then fired.  (Id.)

Plaintiff commenced this action pro se on January 7, 2008 against Defendant alleging discriminatory conduct by Defendant in violation of the ADA, including termination of his employment, failure to accommodate his disability, unequal terms and conditions of his employment and retaliation[2].  Plaintiff requests that the Court grant relief as follows:  "1) restoration of employment.  2) relief-equity for the time forced off work-suspension 3 months $13,784.  3) repayment for time w/o

---

[2]   The Equal Employment Opportunity Commission issued a notice of right to sue to Plaintiff on September 25, 2007 regarding Plaintiff's claims asserted under Title I of the ADA.  A copy of the notice is annexed to the Complaint.

firearm 2 ys $9,528.  4) mental anguish, emotional stress and embarrassment and humiliation $350,000." (Compl. at 4.)  He subsequently filed an Application seeking appointment of counsel on January 17, 2008, which the Court denied by an Order dated February 28, 2008 on the ground that Plaintiff's application was premature because he had not completed service of the Complaint upon the Defendant.

On April 24, 2008, Defendant filed the instant Motion to Dismiss.  On April 29, 2008, Plaintiff filed a Motion for Default Judgment against Defendant.  On May 2, 2008, Plaintiff filed an Affirmation in Opposition to the Motion to Dismiss and a Motion to Appoint Counsel.

## DISCUSSION

Defendant argues that this action is barred by the Eleventh Amendment because the State of New York has not waived its sovereign immunity to Plaintiff's ADA claims and because it is entitled to such immunity as an agency of the State of New York. (Def.'s Mem. at 4-5.)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Under the Eleventh Amendment to the United States Constitution,

3

states generally enjoy immunity from suit in federal court. See, e.g., Board of Trustees v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). It is "well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974). This immunity from suit extends to state agencies and departments, as well state officials who act on its behalf. See Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999), cert. denied, 531 U.S. 1052, 148 L. Ed. 2d 560 (2000). The New York Unified Court System is considered "an arm of the state for purposes of the Eleventh Amendment." Gollomp v. Spitzer, No. 06 Civ. 802 (FJS/RFT), 2007 WL 433361, at *3 (N.D.N.Y. Feb. 5, 2007) (citing Del Re v. Del Re., No. 05 Civ. 3490, 2005 WL 1962341, at *2 (E.D.N.Y. Aug. 10, 2005) (dismissing the claims seeking damages against the Unified Court System on grounds they are barred by the Eleventh Amendment)).

The Eleventh Amendment bars all such suits unless immunity has been waived by the State or overridden by Congress. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Waiver of immunity will only be found "where stated by the most express language or by such overwhelming implications . . . as will leave no room for another reasonable construction." Darcy, No. 03 Civ. 6898

(KMW)(DCF), 2006 WL 3761982, at *3 (quoting College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 678, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)). New York State has not waived its immunity from suits seeking either monetary or injunctive relief in federal court. Id. (citing N.Y. Court of Claims Act § 8 (McKinney's 2006) and noting that New York State has only waived its sovereign immunity in damages actions brought in the New York Court of Claims)). Moreover, the Supreme Court has recognized that Congress has not abrogated state sovereign immunity under Title I of the ADA. See id. (holding Eleventh Amendment immunity proscribes jurisdiction by a federal district court over both ADA and ADEA claims against the State of New York and the Unified Court System) (citing Bd. of Trs. Of the Univ. of Ala. v. Garrett, 531 U.S. 356, 368-69, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)).

It is apparent that Defendant, an agency of the State of New York, is entitled to immunity from suit under the Eleventh Amendment against Plaintiff's ADA claims. Plaintiff does not name any other defendants in the Complaint who might not be protected by Eleventh Amendment immunity. In light of Defendant's immunity from suit under the Eleventh Amendment, the Court finds that subject matter jurisdiction over this action is lacking. Given the well settled principles governing the instant Motion to Dismiss, the Court further finds that it would

be futile, and therefore unwarranted, to grant Plaintiff's Motion to Appoint Counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is DENIED and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment and Motion to Appoint Counsel are each DENIED. Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is GRANTED. The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         June 3, 2008

_____
DEBORAH A. BATTS
United States District Judge